## MALDONADO et al. v. ESTERÁS (two cases).

### (Circuit Court of Appeals, First Circuit. June 7, 1917.)

### Nos. 1257, 1258.

1. STATUTES ☞181(1)—CONSTRUCTION—INTENTION OF LEGISLATURE.

Rev. Civ. Code Porto Rico 1902, § 187, authorizing a child born in adultery, but acknowledged by its father, to inherit from him, does not apply to children born before its enactment, unless the Legislature so intended.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 259.]

2. COURTS ☞366(22)—CONSTRUCTION OF STATUTES BY TERRITORIAL COURTS—REVIEW.

The holding of the Supreme Court of Porto Rico that Rev. Civ. Code Porto Rico 1902, § 187, under which a child born in adultery, but acknowledged by its father, may inherit from him, does not apply to children born before its enactment, will not be disturbed, where it followed a prior decision of that court, and was in harmony with prior decisions of the Supreme Courts of Spain and Porto Rico construing prior Codes, as this conclusion, adhered to through a series of years, was a matter of local law and not clearly erroneous.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 960.]

In Error to and Appeal from the Supreme Court of Porto Rico.

Action by José Marcelino Esterás, by his mother, Claudina Morales, against José Esterás Maldonado and others, by their mother, Paula Maldonado. Judgment for complainant, and defendants appeal and bring error. Affirmed.

José A. Poventud, of Ponce, Porto Rico (Malcolm Donald, of Boston, Mass., on the brief), for plaintiffs in error and appellants.

Before DODGE and BINGHAM, Circuit Judges, and BROWN, District Judge.

BINGHAM, Circuit Judge. No. 1257 is a writ of error and No. 1258 is an appeal from a judgment of the Supreme Court of Porto Rico in favor of the complainant, appellee, in an action, brought under section 1559 of the Revised Statutes and Codes of Porto Rico, seeking the annulment of a judicial declaration of heirship entered in the district court of Humacao, January 10, 1911, in favor of José I. Esterás y Arroyo.

The facts in the case are not in dispute. The complainant, Claudina Morales, is the mother of José Marcelino Esterás y Morales, a minor child and the acknowledged natural son of José I. Esterás y Rivera. The respondents, appellants, are José, Clara Marina and Gabriel Es-

terás y Maldonado, the lawful children of José I. Esterás y Arroyo and Paula Maldonado. José I. Esterás y Arroyo was the adulterous son of José I. Esterás y Rivera. He was born in 1885, and was acknowledged by Esterás y Rivera as his son in 1904. Esterás y Rivera died intestate January 23, 1908, and Esterás y Arroyo, having died, his widow, Paula Maldonado, acting in behalf of their minor children, under section 1558 of the Revised Statutes and Codes of Porto Rico, obtained a judgment in the district court of Humacao declaring Esterás y Arroyo sole and universal intestate heir of Esterás y Rivera, as his acknowledged illegitimate child.

Under the Revised Civil Code of Porto Rico, which went into effect July 1, 1902, and, so far as intestate estates are concerned, was an operative law down to March 9, 1911, a child conceived and born in adultery could be acknowledged by its father (section 187), and having been acknowledged was entitled to use his surname and be supported by him; he also had the same rights of inheritance as a lawful child, in case the father died intestate (sections 191, 905, 913). But under the law existing prior to the adoption of the Revised Civil Code, and operative when Esterás y Arroyo was born in 1885, an adulterous child could not lawfully be acknowledged by his father. He was entitled to support, but not to the use of the surname of his father, and could not inherit from him.

In the district court and in the Supreme Court, on the authority of Lucero et al. v. Heirs of Vila, 17 P. R. R. 141, decided by the Supreme Court of Porto Rico February 11, 1911, it was held that the law governing the acknowledgment of illegitimate children, as embodied in the Revised Civil Code, was not applicable, if the illegitimate child was born prior to the enactment of the Code, and that the declaration of heirship in favor of Esterás y Arroyo was null and void.

The contention is made by counsel for the respondents that the court erred in declining to hold that both the right of acknowledgment and of inheritance were governed by the Revised Civil Code, which was in force in 1908, when Esterás y Rivera died, on the ground that laws governing the disposition of estates are those in force at the time of the decedent's death. It is true that the heirs or succession of Esterás y Rivera are to be determined as of the time of his death, but it does not follow from this that the provisions regulating the acknowledgment of illegitimate children as found in the Revised Code are applicable in the case of an illegitimate child born prior to the enactment of the Code.

[1, 2] If the Legislature, in the enactment of the Revised Civil Code, did not intend that its provisions relating to the acknowledgment of illegitimate children should be applicable to such a child born prior to its enactment, the contention is without merit. Morgan v. Perry, 51 N. H. 559. In Lucero et al. v. Heirs of Vila, supra, this precise question was decided in considering the rights of the plaintiffs, Carmen and Lucia, to acknowledgment. They were adulterous children, born prior to the Revised Civil Code, whose father, José Villa y Soler, died August 5, 1908, having acknowledged them as his children after the enactment of the Code. It was held that the provisions of the Code

were not applicable, and that the legality of their acknowledgment would have to be tested by the law in force at the time of their conception and birth. The question was considered at great length and with much care, and the decision discloses that similar provisions of prior Codes relating to the same question had been previously construed in the same way, both by the Supreme Court of Porto Rico and the Supreme Court of Spain. As the conclusion there reached has been adhered to through a series of years, is a matter of local law, and does not appear to be clearly erroneous, we think the decision of the court below should be sustained. Cardona v. Quinones, 240 U. S. 83, 36 Sup. Ct. 346, 60 L. Ed. 538.

As the complainant failed to appear when the case was called and filed no brief, no costs will be awarded in this court.

The judgment of the Supreme Court of Porto Rico is affirmed, without costs of appeal.